UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GALAXY TOWERS CONDOMINIUM ASSOCIATION,** | Civ. No. 2:11-cv-04726 (WJM) |
| Plaintiff, | OPINION |
| v. | |
| **LOCAL 124 I.U.J.A.T.,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Galaxy Towers Condominium Association ("Galaxy") filed this action against Defendant Local 124 I.U.J.A.T.[1] (the "Union") seeking *vacatur* of an arbitration award; the Union requests that the Court confirm the arbitration award. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Galaxy's application to vacate the arbitration award is **DENIED**, and the award is **CONFIRMED**.

I.   BACKGROUND

Galaxy is a condominium association operating a luxury condominium in Guttenberg, New Jersey. The Union acts as the representative to all full-time and part-time Galaxy employees. Galaxy and the Union were parties to a collective bargaining agreement (the "CBA"). Article 15, Section 4 of the CBA provided that, if a grievance arose between Galaxy and an employee, "the Union or the Employer may request that the matter be submitted to arbitration before Elliott Schriftman, Eugene Coughlin or Robert Herzog on a rotating basis." Bernadone Aff. Ex. A, ECF No. 5-1.

Eugene Coughlin was assigned to be the arbitrator at a hearing conducted on April 4, 2007 between the Union and Galaxy in connection with the discharge of an employee. Galaxy's attorney at the hearing, Stephen Ploscowe, observed Mr. Coughlin eating lunch with the Union's Secretary, James Bernadone, and requested that Mr. Coughlin be replaced as the arbitrator for that matter. In response, Mr. Coughlin voluntarily recused himself from that arbitration.

---

[1] Defendant has since changed its name to Local 124 R.A.I.S.E.

On April 10, 2007, Galaxy's attorney Mr. Ploscowe sent Mr. Bernadone a letter stating that Galaxy wanted to amend Article 15 of the CBA to delete Mr. Coughlin's name.  On May 7, 2007, Stephen Goldblatt, the Union's attorney, sent an email to Mr. Ploscowe, in which Mr. Goldblatt mentioned that he would like to address certain issues for negotiation with regard to the CBA.  Mr. Goldblatt's email did not address the replacement of Mr. Coughlin as an arbitrator.  On May 8, 2008, Mr. Ploscowe responded to Mr. Goldblatt's email, stating, among other things, that Galaxy sought to designate J.J. Pierson as an arbitrator instead of Mr. Coughlin.  On May 24, 2007, Mr. Goldblatt sent an email responding to Mr. Ploscowe, but again did not address the replacement of Mr. Coughlin.

On December 4, 2010, an incident occurred that caused Galaxy to terminate three employees for just cause.  All three employees were members of the Union.  The Union sought to arbitrate the matter of just cause and contacted Mr. Coughlin to request that he serve as arbitrator.  Galaxy did not oppose this request.  Arbitration hearings were conducted on February 22, 2011 and on April 4, 2011.  Thereafter, Mr. Coughlin issued an opinion and award directing the reinstatement of the employees subject to a two-week suspension.  Galaxy then filed the current action seeking to vacate the arbitration award.

Galaxy asserts that, due to the fact that there was an interim change in counsel for Galaxy, Galaxy's new lawyers learned of Mr. Coughlin's recusal from the 2007 arbitration only after Mr. Coughlin had issued his opinion in the current arbitration.  Galaxy argues that the Union's failure to mention the 2007 recusal to Galaxy's new lawyers was fraudulent, and the award should therefore be vacated.  Galaxy also argues that Mr. Coughlin rendered an award that lacked support in the record.

## II.   LEGAL STANDARD

A petitioner bears the burden of showing that an arbitration award should be vacated. *Handley v. Chase Bank*, 387 Fed. Appx. 166, 168 (3d Cir. 2010).  Arbitration awards are entitled to extreme deference and may only be overturned in "exceedingly narrow circumstances." *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003) (internal quotations omitted). Pursuant to Section 10(a) of the Federal Arbitration Act ("FAA"), a court may only vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrator;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *Hall Street Associates, LLC v. Matel*, 552 U.S. 576, 584 (2008) ("*Hall Street*") (holding that the FAA's enumerated grounds for *vacatur* are exclusive).

### III.  DISCUSSION

In this case, Galaxy argues that the arbitration award should be vacated for two reasons: (1) the award was procured by corruption, fraud, or undue means; and (2) the arbitrator so imperfectly executed his powers that a mutual, final, and definite award cannot be said to have been made.  The Court does not find either argument persuasive.

First, the award was not procured by corruption, fraud, or undue means.  The correspondence between Galaxy and the Union shows that there was no meeting of the minds on the issue of removing Mr. Coughlin: Galaxy raised the idea of removing Mr. Coughlin, the Union side-stepped the issue, and Galaxy failed to raise the issue again in later negotiations.  At no time did the Union's representatives, Mr. Bernadone and Mr. Goldblatt, agree to remove Mr. Coughlin as a designated arbitrator.  Moreover, the Union can hardly be blamed for the failure of Galaxy's former counsel to properly transition the representation to Galaxy's current counsel.  Neither the failure of the parties to come to an agreement nor Galaxy's lack of knowledge of past events constitutes corruption, fraud, or undue means.  Thus, the award cannot be vacated on those grounds.

Second, the arbitrator did not execute his powers so imperfectly that a mutual, final, and definite award upon the subject matter submitted was not made.  Galaxy requested that the Court review all the evidence from the arbitration, including the transcripts of the proceedings and all the exhibits, to find that there was a "deficient performance" by the arbitrator.  Reply Br. at 20.  The Court declines to do so, as conducting a searching review of the record before the arbitrator would wildly exceed the scope of the Court's reviewing authority.  *See Stroehmann Bakeries, Inc. v. Local 776, Int'l Broth. of Teamsters*, 969 F.2d 1436, 1441 (3d Cir. 1992) ("Full-blown judicial review of labor arbitrators' decisions" would "render the arbitrator's decision practically meaningless").  The Court has reviewed the arbitrator's opinion and finds that the arbitrator's just cause determination was grounded in the record evidence and the CBA.  *See id.* ("[A]s long as the arbitrator's award is drawn from the essence of the collective bargaining agreement, a court may not vacate it even if the court finds the basis for it to be ambiguous or disagrees with its conclusions under the law"); Arbitration Opinion, Bernadone Aff. Ex. B at 11-12 (discussing witness credibility, photographic evidence, and the "just cause" standard).  The award should therefore be confirmed.

### IV.  CONCLUSION

For the reasons stated above, the motion to vacate the arbitration award is **DENIED**, and the arbitration award is **CONFIRMED**.  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 28, 2012**